IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

IN THE MATTER OF THE SEARCH OF ) No. 3:19-MJ00564MMS
)
Canary account for )
"ksizzle1988@gmail.com" )
)
)
)

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Dale Boothroyd, am a Task Force Officer with the Drug Enforcement Administration (DEA), in the Anchorage, Alaska, District Office, and in that capacity declare and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this Affidavit in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) related to offenses under 21 U.S.C. §§ 846 and 841(a)(1) (Conspiracy to Distribute Narcotics) and 18 U.S.C. §§ 924(c) (Possession of a Firearm in Furtherance of a Drug Trafficking Offense) and 1201 (Kidnapping) for information associated with an account (the "SUBJECT CANARY ACCOUNT") that is stored at premises owned, maintained, controlled, or operated by Canary Connect, Inc. ("Canary"). The information to be disclosed by Canary and searched by the government is described in the following paragraphs and in Attachments A and B.

NOV 2 1 2019

1

2. The requested search warrant seeks authorization to seize any data on the SUBJECT CANARY ACCOUNT that constitutes evidence of violations of 21 U.S.C. §§ 846 and 841(a)(1) (Conspiracy to Distribute Narcotics), 18 U.S.C. §§ 924(c) (Possession of a Firearm in Furtherance of a Drug Trafficking Offense) and 18 U.S.C. §§ 1201 (Kidnapping).

3. I have been employed as a Task Force Officer with the Drug Enforcement Administration since October 2018. Prior to my assignment with the Drug Enforcement Administration, I was assigned to the Statewide Drug Enforcement Unit with the Alaska State Troopers from April 2018 to September 2018. Prior to my assignment with AST, I was assigned to uniformed patrol with the Anchorage International Airport Police/Fire Department for six years. Thus, in total I have approximately 7 years of law enforcement experience.

4. During the course of my law enforcement career, I have written and/or executed numerous search and seizure warrants for narcotics, dangerous drugs, and related records, and assisted in the seizure of hundreds of thousands of dollars in proceeds and/or assets derived from such illegal activity.

5. During the course of my employment as a law enforcement officer, I have gained experience in conducting drug investigations and have received the benefit of many years of such experience of fellow agents, investigators and officers.

6. During the course of my employment with the these three agencies, I have worked in an undercover capacity and conducted investigations of controlled substances violations in conjunction with agents, investigators, and officers from other

2

NOV 2 1 2019

jurisdictions. I have also worked with and conducted investigations utilizing confidential sources. I have also conducted or assisted in investigations which have led to the arrest and conviction of persons for violations dealing with the sale, possession and/or manufacture of controlled substances, and the seizure and forfeiture of assets. As part of these investigations, I have able to interview arrested subjects and their associates. Through these interviews, I have learned how and why these offenders conduct various aspects of their drug trafficking activities, to include communicating, manufacturing, packaging, distribution, transportation and concealment of controlled substances and assets and money laundering.

7. I attended the Alaska Law Enforcement Training Academy #12-02 where I received 947 hours of training. I have obtained my Intermediate Police Certificate from the Alaska Police Standards Council. I have attended a 40 hour "Jetway" training course presented by the Drug Enforcement Administration and El Paso Intelligence Center. I have attended a 40 hour "Undercover Survival and Tactics" course present by the Midwest Counterdrug Training Center. I have also attended a 7 hour course on Drugs in Alaska at the State Crime Laboratory. I have obtained an A.A.S degree from Finger Lakes Community College, graduating in 2009 with a major in Conservation Law Enforcement.

8. Because this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included in this affidavit every detail of every aspect of the investigation. Rather, I have set forth facts that I believe are sufficient to establish probable cause for the issuance of the requested search warrant. Unless specifically

3

indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

9. I make this affidavit based, in part, on personal knowledge derived from my participation in this investigation and, in part, upon information and belief. The sources of my information and belief are: (a) oral and written reports about this and other investigations, which I have received directly or indirectly from officers/agents of the Drug Enforcement Administration and other state and federal law enforcement agencies; as well as sources of information as identified herein (b) and physical surveillance conducted by law enforcement entities which was reported to me directly or indirectly. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant, and does not set forth all of my knowledge about this matter.

10. This affidavit sets forth the facts that I believe are necessary to establish probable cause that evidence of a crime, contraband, fruits of crime, or other items illegally possessed, or property designed for use, intended for use, or used in committing a crime in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Conspiracy to Distribute Narcotics) and 18 U.S.C. §§ 924(c) (Possession of a Firearm in Furtherance of a Drug Trafficking Offense) and 1201 (Kidnapping) are located in the SUBJECT GMAIL ACCOUNTS.

**BACKGROUND AND PURPOSE OF AFFIDAVIT**

11. This investigation relates to the suspected methamphetamine trafficking activities of Pati LATWER Jr. and the associated commission of violations of 21 U.S.C. §§ 846

4

and 841(a)(1) (Conspiracy to Distribute Narcotics) and 18 U.S.C. §§ 924(c) (Possession of a Firearm in Furtherance of a Drug Trafficking Offense) and 1201 (Kidnapping)

## JURISDICTION

12. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States … that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## INFORMATION REGARDING CANARY

13. Canary is a United States company that that offers video security products. Its headquarters are located at 222 Broadway, Floor 19, New York, New York, within the Southern District of New York.

14. Canary's products include a variety of models of video cameras, which record both video and audio. Canary uploads the recordings to cloud-based servers. This allows users to access the recordings from smartphones or other computing devices. Canary allows its users to save download and save portions of these video recordings.

## FACTS IN SUPPORT OF PROBABLE CAUSE

15. On 4/9/19, DEA in Anchorage was contacted by an employee of a mail shipping facility in Anchorage, AK. The employee wanted to report a suspicious package. The package was sent from "Dominic Kong" from a shipping store in Long Beach,

California and was addressed to "Jasmine Kong" at 1579 Wintergreen, Street, Anchorage, AK 99508. The parcel was a large brown cardboard box approximately 18" X 18" X18" and weighed approximately 55 pounds. The shipper paid $533.05 in cash to ship the package.

16. On the same day, a scent detection K-9 exhibited a change in behavior consistent with the presence of an odor of a controlled substance the canine is trained to recognize. A subsequent search warrant of the parcel revealed approximately 21 pounds 6 ounces of a white crystalline substance which field tested presumptive positive for methamphetamine.

17. On 4/9/2019, at approximately 0800 hours, I conducted surveillance on the recipient address listed on the parcel: 1579 Wintergreen Street, Anchorage, AK 99508. I observed a silver Ford Flex bearing Alaska plate GDA189 parked in front of the residence in the street. The vehicle was registered to Pati LATWER JR.

18. The shipping company advised that this was be the fifth parcel of similar weight sent to this address from the same shipper since December 2018. All of the parcels were sent from the same area in California and shipped next day air. The shipping company also advised that there was one other parcel sent to 3135 E. 84th Avenue #2, Anchorage, AK 99507.

19. On 4/9/19, DEA Special Agent M. Lathrop drove by 3135 E. 84th Ave. #2. SA Lathrop observed a lifted black pickup truck bearing Alaska plate GYR398 which was also registered to Pati LATWER JR.

NOV 2 1 2019

6

Case 3:19-mj-00564-MMS   Document 1-1   Filed 11/21/19   Page 6 of 11

20. On 4/10/19 at approximately 0900 hours, a controlled delivery operation began on a parcel which previously contained approximately 21 pounds 6 ounces of methamphetamine. Agents determined Pati LATWER JR was the primary suspect and suspected recipient of the parcel. At approximately 0917 hours, surveillance observed vehicle GDA184, a Silver Ford Flex belonging to LATWER JR, parked on the street outside of the target residence at 1579 Wintergreen St. At approximately 0953 hours, the package was delivered and left at the front door by DEA TFO. R. Pawlak. Shortly after the delivery, a male at the target residence was positively identified as LATWER JR by ATF Special Agent R. Borgeson. LATWER JR brought the package inside the residence. At approximately 1057 hours, surveillance observed LATWER JR leaving the house and then leaving in the Silver Ford Flex, GDA184.

21. At approximately 2050 hours the same day, agents made entry into 1579 Wintergreen Street, Anchorage, AK 99508 and retrieved the package, which was unopened, in the kitchen, pursuant to the Federal Beeper Order obtained on the parcel.

22. On or about February 15, 2019 and on or about March 13, 2019 ATF Special Agent T. King, acting in an undercover capacity, purchased methamphetamine from "INDIVIDUAL 1" and "INDVIDUAL 2". On 6/19/19, a Federal Grand Jury in Anchorage, AK indicted INDIVIDUAL 1 and INDIVIDUAL 2 for one count of Conspiracy to Distribute Methamphetamine and three counts of Distribution of methamphetamine in relation to this case.

23. On 10/31/19, a proffer was conducted with INDIVIDUAL 1. INDIVIDUAL 1 is the romantic partner of INDIVIDUAL 2. During the proffer, INDIVIDUAL 1 said that

LATWER JR., known to him/her as "RADON", was the main supplier of methamphetamine for INDIVIDUAL 1 and INDIVIDUAL 2. INDIVIDUAL 1 stated that immediately before SA King purchased methamphetamine from him/her and INDIVIDUAL 2 on February 15, the first time, LATWER JR. had brought over a large bag of methamphetamine to their apartment.

24. INDIVIDUAL 1 stated that his/her apartment was equipped with a Canary cameras.

25. INDIVIDUAL 1 stated when the parcel intended for the Wintergreen St. address went missing, LATWER JR believed that INDIVIDUAL 2 was responsible. For stealing it. INDIVIDUAL 1 said that shortly after the parcel went missing, INDIVIDUAL 2 contacted him/her and asked him/her to unlock the door. INDIVIUDAL 1 looked at the video, which showed INDIVIDUAL 2 being forced into the apartment by LATWER JR and two other Samoan males. The video showed the men force INDIVIDUAL 2 to strip naked at gunpoint and beat him/her with a frying pan: the men then demanded INDIVIDUAL 2 tell them the location of the missing parcel.

26. INDIVIDUAL 1 returned to the apartment. When he/she arrived, LATWER JR. told him/her that if he/she didn't leave, they would have to "take [him/her] too". INDIVIDUAL 1 left and later returned to take INDIVIDUAL 2 to the hospital.

27. INDIVIDUAL 1 identified ksizzle1988@gmail.com as his/her Canary account.

28. INDIVIDUAL 1 explained that LATWER JR. was the primary supplier of narcotics (methamphetamine and heroin) for himself/herself and INDIVIDUAL 2. INDIVIDUAL 1 stated that LATWER JR. had come to his/her apartment on

8

NOV 2 1 2019

Case 3:19-mj-00564-MMS   Document 1-1   Filed 11/21/19   Page 8 of 11

numerous occasions to complete narcotics transactions. INDIVIDUAL 1 said that LATWER JR. instructed him/her to disable the Canary recording equipment during these transactions, but said that he/she had not always done so. INDIVIDUAL 1 said that his/her Canary account would therefore contain video recordings (with audio) of LATWER JR. delivering narcotics to him/her.

29. INDIVIDUAL 1 has 6 prior criminal convictions, including a conviction for providing false information to a peace officer in 2008 and convictions for theft, operating under the influence, leaving the scene of an accident, and driving on a revoked license. He/she was convicted of felony possession of a schedule IA or IIA controlled substance in the State of Alaska, for which he/she received a suspended imposition of sentence: the set aside was granted in 2012. I believe that INDIVIDUAL 1 provided the information described above at least partially with the goal of reducing his/her criminal exposure in his/her pending federal case.

30. I respectfully submit that there is probable cause to believe that the SUBJECT CANARY ACCOUNT contains evidence that relates to the suspected methamphetamine trafficking activities of Pati LATWER Jr. and the commission of the following offenses, among others: 21 U.S.C. §§ 846 and 841(a)(1) (Conspiracy to Distribute Narcotics) and 18 U.S.C. §§ 924(c) (Possession of a Firearm in Furtherance of a Drug Trafficking Offense) and 1201 (Kidnapping).

**INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED**

31. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the

warrant to require Canary to disclose to the government copies of the records and other information (including the content of communications and stored data) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## AUTHORIZATION REQUEST

32. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

33. I further request that the Court direct Apple to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control within seven (7) days. Because the warrant will be served on Canary, which will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

## CONCLUSION

34. Based upon the information above, your affiant submits that there is probable cause to believe that violations of 21 U.S.C. §§ 846 and 841(a)(1) (Conspiracy to Distribute Narcotics) and 18 U.S.C. §§ 924(c) (Possession of a Firearm in Furtherance of a Drug Trafficking Offense) and 1201 (Kidnapping) have been committed, that the items described in Attachment B that are evidence, fruits, and instrumentalities of those violations and that the items described in Attachment B are likely to be found at the SUBJECT CANARY ACCOUNT described in Attachment A.

NOV 2 1 2019

35. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

Dale R. Boothroyd
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me this 21 day of November, 2019

MATTHEW M. SCOBLE
United States Magistrate Judge
District of Alaska
Anchorage, Alaska



NOV 2 1 2019

11
Case 3:19-mj-00564-MMS   Document 1-1   Filed 11/21/19   Page 11 of 11